UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRUCE WRIGHT,

                                        Petitioner,                    Case No. 02-CV-8669 (KMK)

        -v-                                                            OPINION AND ORDER

THOMAS POOLE,
Superintendent, Five Points Correctional Facility,

                                        Respondent.

---

KENNETH M. KARAS, District Judge:

        Pro se Petitioner Bruce Wright ("Petitioner"), moves under Federal Rule of Civil

Procedure 60 for the Court to vacate its prior Order, which adopted Magistrate Judge Mark D.

Fox's Report and Recommendation ("R&R") and dismissed Petitioner's Petition for Writ of

Habeas Corpus (the "Petition").  (*See* Order Adopting R&R ("Order") (Dkt. No. 37).)  For the

reasons stated herein, the Court denies Petitioner's Motion.

## I.  Background

### A.  Factual Background

        Although the Court assumes the Parties' general familiarity with the factual and

procedural background of this case as set forth in the Court's prior Order and in the R&R, the

Court will briefly summarize the facts most salient to the instant Rule 60 Motion.

        On July 5, 1997, Petitioner was arrested for a drug charge, as well as for a violation of a

city ordinance.  (Aff. in Supp. of Mot. for Discovery at unnumbered 2 (Dkt. No. 49); Mot. for

Discovery Ex. 1, at unnumbered 21–22 (Dkt. No. 49).)[1]  While incarcerated on those charges, he

was indicted by grand jury on an unrelated second degree burglary charge (Indictment number

103/97.)  (R&R 17 & n.9.)  The drug charges were eventually dropped.  (*Id.* at 17 n.9.)

On December 9, 1997, a jury in Dutchess County, New York convicted Petitioner of

second degree burglary.  On September 29, 1998, the trial judge sentenced Petitioner to twenty

years to life in prison as a Persistent Violent Felony Offender.  (*See* Resp.'s Ex. 42, at 3.)  The

Appellate Division affirmed Petitioner's conviction, *see People v. Wright*, 724 N.Y.S.2d 351

(App. Div. 2001), and the Court of Appeals denied Petitioner's request for leave to appeal, *see*

*People v. Wright*, 759 N.E.2d 382 (N.Y. 2001).

B.  Procedural Background

Since his conviction, Petitioner has filed a number of appeals and petitions in state and

federal court.  The Court will briefly discuss the proceedings relevant to the instant Rule 60

Motion.  On October 30, 2002, Petitioner filed a Petition for Writ of Habeas Corpus with this

Court under 28 U.S.C. § 2254.  (Dkt. No. 1.)  The case was referred to Magistrate Judge Fox on

October 30, 2002, (*see* Dkt. (minute entry for Oct. 30, 2002)), and Magistrate Judge Fox issued

an R&R on November 7, 2007, recommending that the Court deny Petitioner's Petition in its

---

[1] Docket Number 49 contains a letter to the Court, (*see* Dkt. No. 49 at unnumbered 9); a "Notice of Motion Seeking [L]eave for Discovery Pursuant to Title 28 USC § 2254: Rule 6(a), (*see id.* at unnumbered 10–15); Petitioner's Affirmation in Support of the Discovery Motion, (*see id.* at unnumbered 16–21); Petitioner's Memorandum of Law in Support of the Discovery Motion, (*see id.* at unnumbered 22–40); Petitioner's Affirmation of Service (*see id.* at unnumbered 41); and 22 pages of exhibits, (*see id.* at unnumbered 42–63).  The Court will cite to each of these as separate documents.  Additionally, because the exhibits are labeled without a logical order, the Court will refer to exhibits by their unnumbered page numbers.  Pages one through nine of Docket Number 49 contain duplicates of other material in this Docket entry.

entirety, (*see* Dkt. No. 21).[2]  Petitioner filed timely objections to the R&R.  (*See* Dkt. No. 23.)

On March 4, 2010, Petitioner submitted a Motion for Discovery under Rule 6(a) of the Rules

Governing Section 2254 Cases in the United States District Courts.  (*See* Notice of Mot.

[S]eeking Leave for Discovery Pursuant to Title 28 USC 2254: Rule 6(a) ("Mot. for Discovery")

(Dkt. No. 49).)  On September 28, 2012, the Court issued an Order adopting the R&R in its

entirety, mistakenly having omitted to rule on Petitioner's Discovery Motion.  (*See* Order.)

Thereafter, Petitioner appealed the Court's Order to the Second Circuit, and, on July 8, 2013, the

Second Circuit dismissed the appeal without opinion, holding that Petitioner had not made a

"substantial showing of the denial of a constitutional right."  (*See* Mandate of U.S.C.A. (Dkt. No.

58) (internal quotation marks omitted) (quoting 28 U.S.C. § 2253(c)).)  Petitioner then filed the

Motion at issue here, pursuant to Federal Rules of Civil Procedure 60(b) and 60(d), seeking relief

from the Court's Order and asking the Court to grant his habeas petition on the ground that it was

improper for the Court to have ruled on his Petition without first having decided the Discovery

Motion.  (*See* Notice of Mot. ("Rule 60 Mot.") (Dkt. No. 59).)

Of Petitioner's many claims for relief in his original Petition, only a few are relevant

here, and they will be briefly summarized by the Court.  In Ground Four of his Petition,

Petitioner asserted a number of problems with the Indictment, specifically that "(1) he was not

properly informed of the charges against him because he was arrested on an unrelated charge and

only later indicted for the burglary; (2) he was deprived of his right to appear before the grand

jury; (3) a felony complaint should have been filed; and (4) the court did not have jurisdiction to

---

[2] This delay was in part due to Magistrate Judge Fox, at Petitioner's request, staying the Petition for several years so that Petitioner could attempt to exhaust his state court remedies by filing a collateral appeal under New York Criminal Procedure Law § 440.10.  (Order 1.)

proceed." (Order 13–14.)  Also relevant here are Points One, Three, and Eight of his state court

Motion pursuant to New York Criminal Procedure Law § 440.10 ("Section 440.10 Motion"),

which the Court deemed included in his Petition, (*id.* at 6), all of which "stem from Petitioner's

erroneous belief that two separate indictments were brought against him," (*id.* at 20).  In Point

One, Petitioner "claimed that the trial court never obtained legal jurisdiction to try the case

because the case was never legally commenced" by felony complaint.  (R&R 17; *see also*

Resp.'s Ex. 39 (Mem. of Law in Supp. of Section 440.10 Motion), at i, 8.)[3]  In Point Three,

Petitioner argued that he was not properly arraigned.  (*See* R&R 17; Mem. of Law in Supp. of

Section 440.10 Motion at i.)  Finally, in Point Eight, Petitioner argued that the "the court was

procedurally and jurisdictionally barred from trying and convicting him on a jurisdictionally

defective indictment."  (R&R 17; Mem. of Law in Supp. of Section 440.10 Motion at i, 52.)  In

his Discovery Motion, Petitioner further outlined these claims and requested discovery that he

claimed would support his contentions.  (*See generally* Mot. for Discovery.)  Petitioner sought "a

copy of [the] . . . second indictment for a drug offense charge, a copy of said felony complaint

for [the] burglary charge, all grand jury reports, and minutes pertaining to the above referenced

drug and burglary offenses," as well as "all relevant documentation and information of the

proceedings in the time from 7-5-97, [the] date of [P]etitioner's arrest and 8-27-97, the date of

. . . [Petitioner's] arraignment either upon indictment # 103/97 [or] 104/97."  (Mot. for Discovery

at unnumbered 5.)

---

[3] Exhibit 39, which is Petitioner's Section 440.10 Motion, contains Petitioner's
Memorandum of Law, as well as his Notice of Motion and his Affidavit in Support.  While the
Memorandum is sequentially numbered, it is interspersed with unnumbered exhibits.  Because
the Court cites only to his Memorandum of Law, and not to any of the exhibits or other
documents in Exhibit 39, the Court will use the Memorandum's page numbers.

Finally, in his pending Rule 60 Motion, Petitioner claims that "his due process rights were violated when the [Court] . . . denied . . . Petitioner the right to be heard[] [a]nd ma[de] a determination on the Petition on an incomplete and limited record," by deciding the case without having ruled on and granted the Discovery Motion.  (Rule 60 Mot. at unnumbered 2).)

## II.  Discussion

### A.  Standard of Review

Petitioner moves for relief under Federal Rules of Civil Procedure 60(b) and 60(d).  Rule 60 concerns relief from a final judgment, order or proceeding, and the relevant parts of the Rule provide as follows:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

> (c) Timing and Effect of the Motion.  (1) Timing.  A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.  (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

> (d) Other Powers to Grant Relief.  This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or

5

proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(a)–(d) (italics omitted).  In the habeas context, relief under Rule 60(b) is available only where the motion "attacks the integrity of the habeas proceeding and not the underlying criminal conviction."  *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004).  Where a petitioner's Rule 60(b) motion attacks the underlying conviction, a district court has two procedural options: "(i) the court may treat the Rule 60(b) motion as a second or successive habeas petition, in which case it should be transferred to the Second Circuit Court of Appeals for possible certification, or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)."  *Ocasio v. United States*, No. 08-CV-1305, 2014 WL 1877668, at *2 (S.D.N.Y. May 8, 2014) (alteration and internal quotation marks omitted).  And "[w]hile it is not yet crystal clear whether the law governing Rule 60(b) motions made with respect to decisions in habeas proceedings applies also to Rule 60(d), multiple courts within this district have found that it does."  *Id.* (internal quotation marks omitted); *see also Rivera v. United States,* Nos. 89-CR-346, 94-CV-951, 2012 WL 1887133, at *1 (S.D.N.Y. May 21, 2012) (requiring a Rule 60(d) motion to attack the integrity of the habeas proceeding, not the underlying criminal conviction); *Salazar-Espinoza v. United States*, No. 11-CV-247, 2012 WL 1788145, at *1 (S.D.N.Y. May 15, 2012) (same); *Millan v. United States*, Nos. 09-CV-8491, et al., 2011 WL 5169443, at *4 (S.D.N.Y. Oct. 31, 2011) (same).

B.  Analysis

1.  Jurisdiction over Rule 60 Motion

The Court must first assess whether it has jurisdiction to decide Petitioner's Rule 60 Motion.  By Order dated September 28, 2012, the Court dismissed Petitioner's Petition for Writ

of Habeas Corpus.  (*See* Dkt. No. 37.)  A certificate of appealability was not issued, and the case

was closed.  (*See* Order 22.)  Petitioner appealed to the Second Circuit on a number of grounds,

including that this Court erred and abused its discretion in failing to decide his Discovery

Motion—the same ground for which he seeks relief in the instant Motion.  (*See* Notice of Appeal

("Second Circuit Appeal") 10–14 (U.S.C.A. Dkt. No. 1).)[4]  On July 8, 2013, the Second Circuit

dismissed the appeal without opinion, stating that Petitioner had not made a "substantial showing

of the denial of a constitutional right."  (*See* Mandate of U.S.C.A. (internal quotation marks

omitted) (quoting 28 U.S.C. § 2253(c)).)[5]

Here, the law of the case doctrine bars the Court from granting Petitioner's Rule 60

Motion.  Under this doctrine, "[w]hen an appellate court has once decided an issue, the trial

court, at a later stage of the litigation, is under a duty to follow the appellate court's ruling on

that issue." *Brown v. City of Syracuse*, 673 F.3d 141, 147 (2d Cir. 2012) (internal quotation

marks omitted); *see also United States v. Cirami*, 563 F.2d 26, 32–33 (2d Cir. 1977) (same);

*Laster v. Superintendent, Five Points Corr. Facility*, No. 12-CV-6054, 2014 WL 257268, at *1

(W.D.N.Y. Jan. 23, 2014) (same); *Jacobs v. Mostow*, No. 05-CV-4808, 2012 WL 3704694, at

*2–3 (E.D.N.Y. Aug. 20, 2012) (same).  The law of the case doctrine also bars re-litigation in

district court of matters implicitly decided by an appellate court, as well as re-litigation of

---

[4] On appeal to the Second Circuit, the caption of this case was *Bruce Wright v. Superintendent Poole*, 13-166.  Docket entries on the Second Circuit docket are identified herein with the phrase "U.S.C.A. Dkt. No.".

[5] Thereafter, Petitioner wrote to the Second Circuit and requested permission to file a Rule 60(b) motion.  (*See* U.S.C.A. Dkt. No. 39.)  The Second Circuit responded to Petitioner informing him that his appeal was closed.  (U.S.C.A. Dkt. No. 40.)  Petitioner again wrote to the Second Circuit, reiterating his belief that he needed the Second Circuit's permission to file a Rule 60(b) motion in this Court, (*see* U.S.C.A. Dkt. No. 41), and the Second Circuit again responded that the appeal was closed and it was without jurisdiction, (*see* U.S.C.A. Dkt. No. 42).

matters that could have been raised on appeal but were not.  *See Adams v. Artuz*, No. 97-CV-2343, 2014 WL 347606, at *1 (E.D.N.Y. Jan. 29, 2014) ("Petitioner's motion must be denied under the 'law of the case doctrine,' which 'prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate.'" (quoting *Yick Man Mui v. United States,* 614 F.3d 50, 53 (2d Cir. 2010)); *Miller v. Cnty. of Nassau*, Nos. 12-CV-4159, et al., 2013 WL 5532673, at *2 (E.D.N.Y. Oct. 3, 2013), *appeal dismissed* (2d Cir. Apr. 3, 2014) (same); *Geneva Pharm. Tech. Corp. v. Barr Labs., Inc.*, Nos. 98-CV-861, 99-CV-3687, 2005 WL 2132438, at *3 (S.D.N.Y. Sept. 6, 2005) ("[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so." (internal quotation marks omitted) (quoting *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001))); *Whimsicality, Inc. v. Rubie's Costume Co.*, 836 F. Supp. 112, 116 (E.D.N.Y. 1993) ("The doctrine of the law of the case generally prevents a district court on remand from deviating from a mandate issued by an appellate court, and covers issues explicitly or implicitly decided on appeal." (citations and internal quotation marks omitted)), *order clarified*, No. 89-CV-1720, 1993 WL 661161 (E.D.N.Y. Dec. 6, 1993).  Here, because Petitioner raised his argument that this Court erred in ruling on his Petition without deciding his Discovery Motion on appeal and the Second Circuit issued a mandate dismissing the appeal, the Court does not have jurisdiction to grant relief pursuant to Rule 60 on that same ground.

If Petitioner's asserted basis for relief under Rule 60 were an event that occurred subsequent to the issuance of the Second Circuit's mandate, this jurisdictional bar would not apply.  *See Standard Oil Co. of Calif. v. United States*, 429 U.S. 17, 18 (1976) (holding that a

district court could consider a Rule 60(b) motion that was based on later events because the appellate court mandate dealt only with the "record and issues then before the court, and does not purport to deal with possible later events" so the "district judge [was] not flouting the mandate by acting on the motion").  However, in this case, the basis for relief is the error made by this Court—an error that occurred before the mandate was issued and an error that could have been, and was, raised by Petitioner on appeal.  Therefore, this limited exception does not apply, and the Court lacks jurisdiction to grant relief.  *See Jones v. Goord*, No. 05-CV-183, 2007 WL 2903779, at *2 n.3 (W.D.N.Y. Sept. 30, 2007) ("*Standard Oil* does not give a district court the authority to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion." (internal quotation marks omitted)).  For that reason, the Rule 60 Motion must be dismissed.

### 2.  Merits of the Rule 60 Motion

Apart from the jurisdictional defect, the Court finds the Motion to be without merit.

#### a.  Discovery Motion

Petitioner's Rule 60 Motion is based on the theory that the Court erred in both failing to decide and in failing to grant his Discovery Motion, and that the Court's prior Order adopting the R&R was therefore based on an incomplete record.  The starting point then is whether the Discovery Motion, should have been granted.

To assess whether the Discovery Motion should have been granted, the Court must first address the claims the Discovery Motion implicates and how the Court previously decided these claims.  The discovery Petitioner sought concerns Ground Four of his original Petition; the Supplemental Petition, which "was intended to inform the Court of [Petitioner's] efforts to obtain additional evidence to support Ground Four of his initial petition;" and several points raised in

Petitioner's Section 440.10 motion, which the Court deemed included in the Petition.  (Order 6, 19.)  In particular, the discovery sought addresses Points One, Three, and Eight of the Section 440.10 Motion, all of which concern Petitioner's "erroneous belief that two separate indictments were brought against him."  (*Id.* at 20.)  In its prior Order, the Court held that Ground Four was procedurally defaulted.  (*Id.* at 6–14.)  Furthermore, the Court rejected Petitioner's argument that he had good cause for failing to exhaust Ground Four because his counsel was ineffective in failing to raise it on appeal to the state court "because the claims appellate counsel pressed were reasonable, though not ultimately persuasive, while Petitioner's perceived irregularities in his Indictment are fanciful," (*id.* at 7), and "frivolous, bordering on incomprehensible," (*id.* at 13). As for Points One, Three, and Eight of Petitioner's Section 440.10 Motion, this Court dismissed these claims because "the state court found Petitioner's belief unsubstantiated and dismissed these claims," and because "there is nothing unreasonable about this factual finding."  (*id.* at 20.) Furthermore, the Court adopted Magistrate Judge Fox's recommendation that Petitioner raised no federal constitutional claim regarding his arraignment and indictment on the burglary charge in Points One, Three, and Eight, and that "[a]ny claims that he might have concerning the grand jury proceedings are not cognizable in this federal habeas corpus proceeding."  (R&R 18; Order 2 (adopting R&R in its entirety).)

Given this record, Petitioner was not entitled to the discovery he sought.  A habeas petitioner, "'unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course.'"  *Hirschfeld v. Comm'r of the Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)).  Under Rule 6(a) of the Rules Governing Section 2254 Cases, "[a] judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  (Emphasis

added.)  "A petitioner must show good cause by presenting 'specific allegations' which give the Court 'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'"  *Hirschfeld*, 215 F.R.D. at 465 (alteration in original) (quoting *Bracy*, 520 U.S. at 908–09).  Petitioner fails to meet that standard here in his Discovery Motion.

The Court has been given no reason to believe that further factual development through the discovery sought by Petitioner would change the Court's conclusions that Ground Four is procedurally barred and that the state court's factual findings with respect to Points One, Three, and Eight were not unreasonable.  Moreover, even were Ground Four not procedurally barred and even had the state court not made any factual findings with respect to Points One, Three, and Eight, Petitioner still would not be entitled to the discovery he requested.  Petitioner's perceived irregularities in his Indictment are lacking any factual support.  (Order 7.)[6]  For the above reasons, discovery was not warranted.

---

[6] The Court has once again reviewed the documentation submitted by Petitioner in connection with his Discovery Motion and his Section 440.10 Motion and again finds no evidence to support Petitioner's contentions.  Because of Petitioner's continued confusion, the Court believes it may be helpful to summarize what the evidence shows and what factual findings the state court made in response to Petitioner's claims.

The state court found that Petitioner was indicted for one count of Burglary in the Second Degree by grand jury Indictment 103/97.  (Resp.'s Ex. 42, at 1.)  Indictment 103/97 was *voted on* by grand jury on August 14, 1997, (*id.*), and was *reported to* the state court and filed with the clerk's office on August 26, 1997 (*id.* at 6).  Petitioner was arraigned on that same indictment on August 27, 1997.  (*Id.*)  The state court found to be unfounded Petitioner's belief that there were two Indictments, numbers 103/97 and 104/97, as well as his belief that the August 14 Indictment was different than the August 26 Indictment.  Rather, the court found that "[Petitioner] ha[d] presented absolutely no evidence that the Indictment dated August 14, 1997 [was] a different accusatory instrument than that which was reported to County Court and filed with the Clerk's Office on August 26, 1997."  (*Id.*)  Additionally, the state court reviewed Indictment 104/97 and found that it "ha[d] no connection to [Petitioner] whatsoever" and instead "involve[d] a drug possession charge at a State correctional facility involving husband and wife co-defendants."  (*Id.*)

### b.  Rule 60 Motion

Having determined that Petitioner was not entitled to discovery, and putting to the side, for the moment, the fact that the Court lacks jurisdiction to grant Petitioner relief, the Court will assess the merits of Petitioner's Rule 60 Motion.

### i.  Rule 60(b) Motion

Petitioner first moves under Rule 60(b)(6) for the Court to vacate the Order.  The threshold issues to be addressed are (1) whether this motion is timely, and (2) whether subsection (6) is the proper subsection for Petitioner's motion.

Under Rule 60(c), 60(b) motions "must be made within a reasonable time—and for reasons (1), (2), or (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  Where a party brings a motion under a subsection of Rule 60(b) other than 60(b)(1)–(3), the strict one-year time limit does not apply and the party must only bring the motion within a reasonable time period.  *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("All motions under Rule 60(b) must be made within a reasonable time, and for a motion under subsection (1), (2), or (3), no later than a year after the entry of judgment.").  Here, Petitioner brings his Motion under Rule 60(b)(6) so the one-year restriction would not normally apply.  However, a party may not circumvent the one-year limit by bringing a motion

---

The Court notes that there is an understandable reason for Petitioner's confusion, but again concludes that his two-indictment theory is unfounded.  Petitioner was indicted under Indictment 103/97.  However, as the Dutchess County Clerk's Office explained to him, through an unfortunate coincidence, Indictment 103/97 was given an internal index reference number of 1997/104.  (*See* Mot. for Discovery Ex. 1, at unnumbered 15 ("The document number for the INDICTMENT is 1997/104.  103/97 is the court'[s] reference # for this case.  Unfortunately, in this case, it is so close to our index reference number it is very confusing.").)  Finally, the state court found that the grand jury vote on Indictment 103/97 "provided County Court with legal jurisdiction to arraign [Petitioner] . . . and for the matter then to proceed to trial . . . ."  (Resp.'s Ex. 42, at 6.)

under a different subsection that should properly be brought under 60(b)(1)–(3).  *See Shah v. New York State Dep't of Civil Serv.*, No. 94-CV-9193, 2014 WL 3583506, at *4 (S.D.N.Y. July 17, 2014) ("[R]elief under Rule 60(b)(6) is inappropriate when a party 'attempt[s] to use Rule 60(b)(6) to circumvent the one-year time limitation in other subsections of Rule 60(b).'" (second alteration in original) (quoting *Stevens,* 676 F.3d at 67)).

The Court will first address whether Petitioner's Motion, if properly brought under Rule 60(b)(6), is timely, before turning to the question of whether the Motion should properly have been brought under Rule 60(b)(1)–(3).  The Court issued its Order dismissing the Petition on September 28, 2012.  (*See* Dkt. No. 38.)  Petitioner made his Rule 60 Motion on March 4, 2014.  (*See* Dkt. No. 59.)  Thus, slightly more than 17 months elapsed between the Court's Order and Petitioner's Motion.  Courts in this district have recognized 18 months as a "reasonable time" for bringing a Rule 60(b)(6) motion, and have required parties who delayed for more than 18 months, but not less, to demonstrate good cause for the delay.  *See Shah*, 2014 WL 3583506, at *4.  Therefore, assuming Petitioner's Rule 60 Motion was properly brought under Rule 60(b)(6), the Court finds this Motion to be timely.

The next issue is whether this Motion was properly brought under subsection (6).  Rules 60(b)(1)–(3) provide that "the court may relieve a party . . . from a final judgment, order, or proceeding" for "(1) mistake, inadvertence, surprise, or excusable neglect," "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," or "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]"  While subsections (2) and (3) clearly do not apply to Petitioner's claims, subsection (1) does.  Boiled down, Petitioner's argument is that the Court made a legal mistake in deciding his habeas petition without first

13

having ruled on his Discovery Motion.  In the Second Circuit, arguments that the district court

erred—either on matters of law or fact—are encompassed by, and must be brought under, Rule

60(b)(1).  *See Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) ("As [Rule 60](b)(6) applies

only when no other subsection is available, grounds for relief may not be mistake, inadvertence,

surprise[,] or excusable neglect."); *see also In re 310 Associates*, 346 F.3d 31, 35 (2d Cir. 2003)

("In two early cases, [the Second Circuit] established a principle that Rule 60(b)(1) was available

for a district court to correct legal errors by the court. . . . [W]e [later] implicitly extended this

rule to the correction of mistakes of fact."); *Lugo v. Artus*, No. 05-CV-1998, 2008 WL 312298,

at *2 (S.D.N.Y. Jan. 31, 2008) ("Rule 60(b)(1) motions premised upon mistake are intended to

provide relief to a party when the judge has made a substantive mistake of law or fact in the final

judgment or order.  Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial

errors." (footnote and internal quotation marks omitted)); *Gonzalez v. Greiner*, No. 01-CV-5966,

2005 WL 2043302, at *1 (E.D.N.Y. Aug. 25, 2005) ("[T]he Second Circuit has approved the use

of motions under subsection (1) [of Rule 60(b)] to correct a district court's mistakes of law or

fact.").[7]  Because the ground under which Petitioner seeks relief is encompassed by the more

---

[7] Petitioner's Motion is properly brought as a Rule 60(b)(1) motion based on mistake
rather than a Rule 60(a) motion based on mistake because Rule 60(a) does not allow for
correction of the type of mistake made in this case.  Rule 60(a) provides, in relevant part: "The
court may correct a clerical mistake or a mistake arising from oversight or omission whenever
one is found in a judgment, order, or other part of the record."  A Rule 60(a) motion "is available
only to correct a judgment 'for the purpose of reflecting accurately a decision that the court
actually made.'"  *Instinet Inc. v. Ariel (UK) Ltd.*, No. 08-CV-7141, 2010 WL 2674555, at *1
(S.D.N.Y. July 6, 2010) (quoting *Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 158 (2d Cir.
2001)).  That is, "[t]o be correctable under Rule 60(a), the [alleged error] in a judgment must fail
to reflect the actual intention of the court."  *Paddington Partners v. Bouchard,* 34 F.3d 1132,
1140 (2d Cir. 1994).  Petitioner's Motion to vacate the prior Order denying his Habeas Petition
"does not direct the Court to any clerical error, oversight, or omission in the [prior] Order but
rather argues that the Court erred in its holding," and the Motion therefore "falls outside the
purview of Rule 60(a)."  *Instinet*, 2010 WL 2674555, at *1; *see also Weeks v. Jones*, 100 F.3d

specific Rule 60(b)(1), Petitioner is not permitted to seek relief under Rule 60(b)(6) and avoid the time limit attached to Rule 60(b)(1) motions.  *See Maduakolam v. Columbia Univ.*, 866 F.2d 53, 55 (2d Cir. 1989) ("The court may treat a motion to vacate a prior judgment as having been made under 60(b)(6) only if the other, more specific grounds for relief encompassed by the rule are inapplicable."); *Gonzalez*, 2005 WL 2043302, at *2 ("'Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" (quoting *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976))); *Matura v. United States*, 189 F.R.D. 86, 90 (S.D.N.Y. 1999) ("[B]ecause Rule 60(b)(6) applies only when the other five subsections are not available, Petitioner may not argue mistake as grounds for relief under Rule 60(b)(6), as mistake should be properly argued, if at all, under Rule 60(b)(1).").

Because Petitioner's Rule 60(b) Motion is really a Rule 60(b)(1) motion rather than a Rule 60(b)(6) motion, the Motion must be brought within the "absolute" outer limit of one year. *See Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemporary Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006) ("The one-year limitation period for Rule 60(b) motions is absolute." (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 60(c)(1); 11 Fed. Prac. & Proc. Civ. § 2866 (3d ed. 2013) ("The one-year period represents an extreme limit, and the motion may be rejected as untimely if not made within a 'reasonable time' even though

---

124, 128–29 (11th Cir. 1996) ("While the district court may correct clerical errors to reflect what was intended at the time of ruling, errors that affect substantial rights of the parties are beyond the scope of rule 60(a)." (alterations and internal quotation marks omitted)); *Jones v. Anderson–Tully Co.*, 722 F.2d 211, 212 (5th Cir. 1984) (per curiam) ("Although Rule 60(a) clerical mistakes need not be made by the clerk, they must be in the nature of recitation of amanuensis mistakes that a clerk might make.  They are not errors of substantive judgment.").

the one-year period has not expired. . . . The concept of reasonable time cannot be used to extend the one-year limit. . . . Nor does the court have any power to enlarge the time limits of the rule.").

Furthermore, the Second Circuit has held that a reasonable time for bringing Rule 60(b)(1) motions based on a mistake by the Court is *even shorter* than the one-year limit contained in Rule 60(c)(1); not only must a movant comply with the one-year limitation, he also must bring the motion before the time for appeal has elapsed. *See Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) (holding that "a motion for relief from . . . judicial mistakes under Rule 60(b)(1) may not be made after the time for appeal has elapsed, at least if the mistake alleged is of a substantive legal nature," as opposed to a mistake of a clerical nature, which can be corrected by a Rule 60(a) motion at any time (citation omitted)); *Gonzalez*, 2005 WL 2043302, at *1 ("[T]he Second Circuit has approved the use of motions under [Rule 60(b)] subsection (1) to correct a district court's mistakes of law or fact, *provided that the motion is made within the time for appeal*" (emphasis added) (citations omitted)).  Under Federal Rule of Appellate Procedure 4(a)(1)(A), appeals in civil cases generally must be filed with the district clerk within 30 days after entry of the judgment or order appealed from.  Rules 4(a)(1)(B), 4(a)(4), and 4(c) provide limited exceptions, the only one of which is at all applicable here provides that, under certain enumerated circumstances, an inmate is deemed to have filed the appeal when it is deposited in the prison's internal mail system.  Petitioner's Motion, which was filed more than 17 months after the Court's Order, does not even meet the general one-year time limit that applies to Rule 60(b)(1) motions, let alone the additional requirement that the motion

be made within the 30-day time limit to appeal.  Therefore, Petitioner's Rule 60(b) motion,

properly construed as a 60(b)(1) motion, is time barred and must be dismissed.[8]

---

[8] Furthermore, even were the Court to take the substantively incorrect position that Petitioner's Motion could be construed as a timely Rule 60(b)(6) Motion, Petitioner still has not shown he is entitled to relief.  Rule 60(b)(6) permits the Court to relieve Petitioner from a final order for any other reason that justifies relief.  Petitioner argues that "he has been unduly prejudiced when his due process rights were violated when the district court . . . denied . . . Petitioner the right to be heard and ma[de] a determination on the Petition on an incomplete and limited record."  (Rule 60 Mot. at unnumbered 2.)  In particular, Petitioner argues that the Court first must have ruled on the Discovery Motion before deciding his Petition, and that the Court was on notice of this Motion due to his numerous communications with the Court over the years.  (*Id.* at unnumbered 5.)  Additionally, he argues that the Court's Order is flawed because it "is based on an incomplete record."  (*Id.* at unnumbered 6.)  Therefore, "it wasn't possible for the District Court to make a full and fair assessment of the facts of the case," (*id.*), and "it wasn't reasonabl[y] possible for this [C]ourt to render a fair and just determination on the petition where the discovery motion would have refuted the presumption of correctness of the state court proceedings," (*id.* at 10).

To obtain relief under Rule 60(b)(6), the movant must demonstrate "extraordinary circumstances or extreme and undue hardship."  *Rowe Entm't v. William Morris Agency Inc.*, No. 98-CV-8272, 2012 WL 5464611, at *2 (S.D.N.Y. Nov. 8, 2012) (internal quotation marks omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment.  Such circumstances will rarely occur in the habeas context." (citations omitted)); *Harris*, 367 F.3d at 77 ("[W]e hold that: an attack on the integrity of a previous habeas proceeding using subsection (6) of Rule 60(b) is viable only in extraordinary circumstances . . . ." (internal quotation marks omitted)); *Cordero v. United States*, Nos. 09-CV-4388, 01-CR-74, 2012 WL 5431005, at *5 (S.D.N.Y. Nov. 5, 2012) ("Rule 60(b)(6) provides that relief may be granted for 'any other reason that justifies relief.'  Despite the broad wording of subsection (6), it is properly invoked only for extraordinary circumstances or where the judgment may work an extreme and undue hardship.").  There are no such extraordinary circumstances here.  Petitioner was not entitled to discovery, as discussed above, for the reason that the alleged factual underpinnings of the discovery demand simply do not exist.  There is no second indictment of Petitioner to inspect, and there is no doubt that he was properly charged and tried on the indictment that was returned against him.  In other words, the Court's rejection of the merits of the Petition was tantamount to rejecting the Discovery Motion.  Therefore, had the Court decided the Discovery Motion before deciding the Habeas Petition, the record considered, as well as the ultimate result, would have been identical.  Harmless error, such as this, does not constitute extraordinary circumstances.  *See Matura v. United States*, 189 F.R.D. 86, 90 (S.D.N.Y. 1999) ("[The petitioner] neither demonstrates to this [c]ourt extraordinary circumstances nor offers this [c]ourt anything other than a harmless mistake regarding the status of his habeas petition."); *see also Smith v. Johnson*, 247 F.3d 240 (5th Cir. 2001) ("In the context of Rule 60(b) motions, we have stated that a movant must demonstrate that he possesses a

<u>ii.  Rule 60(d) Motion</u>

Petitioner also seeks relief under Rule 60(d)(1)(3).  (Rule 60 Mot. at unnumbered 5.)  The

Court construes this as Petitioner requesting relief under Rule 60(d)(1) and Rule 60(d)(3).

Rule 60(d)(1) states that Rule 60 does not limit a court's power to "entertain an

independent action to relieve a party from a judgment, order, or proceeding[.]"  Fed. R. Civ. P.

60(d)(1).  In deciding an independent action, the Court "looks to traditional equitable principles."

*LinkCo, Inc. v. Akikusa*, 615 F. Supp. 2d 130, 134 (S.D.N.Y. 2009) (internal quotation marks

omitted) (quoting *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 661 (2d Cir.

1997)), *aff'd sub nom. LinkCo, Inc. v. Naoyuki Akikusa*, 367 F. App'x 180 (2d Cir. 2010).  Under

these principles, "[c]laimants must (1) show that they have no other available or adequate

remedy; (2) demonstrate that movants' own fault, neglect, or carelessness did not create the

situation for which they seek equitable relief; and (3) establish a recognized ground—such as

fraud, accident, or mistake—for the equitable relief."  *Campaniello Imports*, 117 F.3d at 662.

Furthermore, "[a] party seeking to vacate a judgment in an independent action must show that

_____

meritorious cause of action, and that his claim is extraordinary enough to warrant the district
court vacating its judgment, rather than having the matter reviewed through the normal appellate
process." (internal quotation marks omitted)).
        Petitioner's Motion could also be construed to claim extreme and undue hardship, as he
argues that the fact that the Court did not decide the Discovery Motion caused Petitioner "to be
confronted with many procedural problems," (Rule 60 Mot. at unnumbered 10), and caused
Petitioner to suffer an "undue burden," (*id.* at unnumbered 12).  Here, Petitioner apparently
argues that the Court's failure to decide the Discovery Motion resulted in the Second Circuit not
having jurisdiction to hear this issue.  (*Id.* at unnumbered 10–11.)  This is not the case.  The
Court's error did not cause Petitioner to suffer from procedural problems; Petitioner could and
did raise this issue on appeal to the Second Circuit, (*see* Second Circuit Appeal), but the Second
Circuit dismissed his appeal.  This certainly does not amount to a showing of extreme and undue
hardship.  Therefore, setting aside the jurisdictional defects and assuming Petitioner's Motion
could be construed as a timely motion under Rule 60(b)(6), this Motion would nonetheless be
denied.

18

permitting the judgment to stand would be a grave miscarriage of justice." *LinkCo*, 615 F. Supp. 2d at 135 (internal quotation marks omitted); *see also United States v. Beggerly*, 524 U.S. 38, 47 (1998) ("[A]n independent action should be available only to prevent a grave miscarriage of justice.").

An independent action is not available here because Petitioner fails to meet at least two of these requirements.  First, Petitioner argues that he has no other available or adequate remedy because he appealed to the Second Circuit and the Second Circuit "mandated" "no relief at all[.]" (Rule 60 Mot. at unnumbered 9.)  However, the requirement that there is no other available or adequate remedy requires a showing by the aggrieved party that "there was no 'opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action,'" not that there is no *remaining* remedy.  *Gleason v. Jandrucko*, 860 F.2d 556, 560 (2d Cir. 1988) (quoting *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 n.2 (2d Cir. 1972)).[9]  Petitioner had two other remedies available to him.  First, Petitioner could—and did—raise this issue on appeal.  *See Tibbetts v. President & Fellows of Yale Coll.*, No. 01-CV-1763, 2005 WL 162382, at *5 (D. Conn. Jan. 20, 2005) ("Any alleged discovery abuses could have been addressed through [the district judge], and any claimed failure of [the district judge] to rectify those alleged abuses could have been remedied on appeal to the Second Circuit.  [Plaintiff] did appeal to the

---

[9] The Court notes that Rule 60 was amended in 2007 to its current form.  The 2007 amendment moved the independent action language ("This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding") from Rule 60(b) to Rule 60(d)(1).  *See Armour v. Monsanto Co.*, 995 F. Supp. 2d 1273, 1279 (N.D. Ala. 2014); *LinkCo*, 615 F. Supp. 2d at 134 n.26.  The 2007 amendment made no substantive changes to the Rule's language about independent actions.  *See* Advisory Committee Notes on the 2007 Amendments, Fed. R. Civ. P. 60.  Therefore, while the pre-2007 cases cited in this section refer to the rule as Rule 60(b) rather than Rule 60(d), they are equally relevant here.

Second Circuit . . . and, therefore he already has had his opportunity to challenge any alleged

discovery abuses."), *aff'd*, 303 F. App'x 935 (2d Cir. 2008).  Second, Petitioner could have

brought a Rule 60(b)(1) motion for relief within the prescribed time period, especially given that

he knew of the Court's error in time to make a timely Rule 60(b)(1) motion.  *See Campaniello*

*Imports, Ltd.*, 117 F.3d at 662–63 ("It is fundamental that equity will not grant relief if the

complaining party has, or by exercising proper diligence would have had, an adequate remedy at

law, or by proceedings in the original action to open, vacate, modify, or otherwise obtain relief

against[] the judgment.  Having failed to take advantage of the adequate remedy at law offered

by Rule 60(b)(3), appellants may not now seek relief in equity." (alterations, citations, and

internal quotation marks omitted)); *Manti's Transp., Inc. v. Citicapital Commercial Corp.*, No.

06-CV-1699, 2008 WL 977192, at *7 (E.D.N.Y. Apr. 9, 2008) ("Since plaintiffs failed to take

advantage of the adequate remedy at law offered by Rule 60(b)(3), they are precluded from

seeking equitable relief.").  Therefore, Petitioner fails to meet the first requirement for an

independent action.

 Second, failing to reopen the case would not constitute a grave miscarriage of justice.

This is an extremely high standard; Petitioner must show "'something to render it *manifestly*

*unconscionable* for his successful adversary to enforce the judgment.'"  *Opals on Ice Lingerie v.*

*BodyLines, Inc.*, 425 F. Supp. 2d 286, 290 (E.D.N.Y. 2004) (quoting *Pickford v. Talbott*, 225

U.S. 651, 658 (1912)).  This lofty requirement "'preserves a balance between serving the ends of

justice and ensuring that litigation reaches an end within a finite period of time.'"  *Id.* at 290

(quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994)).  Petitioner fails

to make the requisite showing of grave miscarriage of justice here.  As explained above,

reopening the case would not yield a different result, and the Court's error was therefore harmless. Thus, an independent action is not available under Rule 60(d)(1).

Finally, Rule 60(d)(3) states that Rule 60 "does not limit a court's power to: . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). "Rule 60(d)(3) authorizes the Court to reopen a case if the movant provides 'clear and convincing evidence' that fraud on the Court has been committed." *Rowe*, 2012 WL 5464611, at *2; *see also Shah*, 2014 WL 3583506, at *3 (explaining the concept of fraud on the court as embracing "'only that species of fraud which does[,] or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases[,]'" and stating that such fraud must be established with "clear and convincing evidence" (quoting *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995)). Not only does Petitioner fail to provide clear and convincing evidence of fraud on the Court, he does not even allege any facts that could be liberally construed to raise the issue. Therefore, the Court dismisses Petitioner's Rule 60(d)(3) Motion.

### III.  Conclusion

For the above reasons, Petitioner's Motion to vacate the Court's Order is dismissed in its entirety. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, *see Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). However, the Court apologizes to Mr. Wright for mistakenly omitting to rule on his Discovery Motion.

The Clerk of the Court is respectfully directed to terminate the pending Motion. (*See*

Dkt. No. 59.)

SO ORDERED.

Dated: White Plains, New York
December 12, 2014

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

22